## Weekly Abstract of
## PENDING CASES

### No. 76

WEBB et v. WEST. RES. BOND & SHARE CO. et

No. 19529. Supreme Court

On motion to certify. Dock. Jan. 4, 1926; 4 Abs. 40.

**857. NUNC PRO TUNC—**May a court enter judgment at an ensuing term, of nunc pro tunc, and thereby create a lien on real estate which affects the priority of intervening attachment creditors?

This action was originally brought in the

Trumbull Common Pleas by the Western Reserve Bond & Share Company to marshal liens on about fifty acres of land in Trumbull County owned by one John A. Logan. The Central Savings & Loan Company is the holder of a first mortgage which lien is concededly paramount.

Abner Webb and one Young and two Niles banks are attachment creditors and the contest here is between them and the Western Reserve Co., which claims to be the holder of a judgment lien, by virtue of a nunc pro tunc order, whose validity and priority the attachment creditors dispute.

In a former action, the Bond & Share Co. had sued two defendants, the Ohio Steel Products Co. and John A. Logan, its president, to recover upon two promissory notes. The trial judge directed a verdict "for the plaintiff" and instructed the jury "to figure up the amount of interest due upon the notes and return a verdict in favor of the plaintiff for that amount." The verdict did not run against Logan, but only against his co-defendant.

At the ensuing term, on the overruling of a motion for a new trial, the clerk entered judgment against the Ohio Steel Products Co., ignoring Logan.

After attachments has been levied by Webb at the third succeeding term, the Bond & Share Co. procured the entry of a nunc pro tunc order, here in controversy, which purported to amend the verdict by the insertion of Logan's name, thereby rendering judgment against Logan as of the date judgment was rendered against the Ohio Steel Products Co.

The lower court treated the nunc pro tunc order as valid and the Trumbull County Appeals affirmed the judgment, not however, on the ground that the nunc pro tunc judgment was valid, but on the theory that the trial court presumably intended to direct a verdict against both defendants.

It is contended that:

1. Having once received the verdict of the jury and discharged them the court could not either then or thereafter enter judgment disregarding it.

2. If the verdict and judgment in the former case were alterable nunc pro tunc, the rights meanwhile acquired by the attaching creditors would not thereby be disturbed.

3. It is not the province of a nunc pro tunc order to antedate judicial acts nor to create rights ex post facto.

Attorneys—MacQueen & Giffen, Niles, and Snyder, Henry, Thomsen, Ford & Seagrave, Cleveland, for Webb et; Tolles, Hogsett, Ginn & Morely and Squire, Sanders & Dempsey, Cleveland; and Manchester, Conroy & Ford, Youngstown, for Company.